IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ABELARDO CARRILLO-CASTANEDA,

Plaintiff,

vs. 1:26-cv-00657-DHU-JMR

UNITED STATES OF AMERICA,

Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on the Defendant's Motion to Dismiss. Doc. 10. Plaintiff, proceeding *pro se*, failed to respond to the motion. District Judge David H. Urias referred the case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of this case. Doc. 15. Having reviewed the motion and the relevant law, I recommend the Court grant Defendant's Motion to Dismiss and dismiss the case without prejudice.

## I. Background

On August 5, 2025, Plaintiff filed this case in the Thirteenth Judicial District Court for the State of New Mexico. Doc. 1-2. Plaintiff's complaint alleges that he was involved in a motor vehicle accident on April 18, 2022, with a driver employed by the United States Postal Service ("USPS"). *Id.* at 7. He alleges that the USPS driver negligently caused the accident. *Id.* at 8–10.

On March 4, 2026, Defendant removed this case to federal court. Doc. 1. On March 23, 2026, Defendant filed a Motion to Dismiss. Doc. 10. Plaintiff failed to respond to the motion. The Court issued an Order to Show Cause regarding Plaintiff's failure to respond. Doc. 17 (citing D.N.M.LR-Civ. 7.1(b)). The Court warned Plaintiff that, "Failure to respond to this order

will result in dismissal without further notice." *Id.* Nevertheless, Plaintiff failed to respond to the Order to Show Cause.

Plaintiff has not acknowledged this case since it was removed to federal court.

**II. Legal Standard**

The Court must dismiss a case when it lacks subject-matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006). "A district court's dismissal for lack of subject matter jurisdiction should be without prejudice." *Strozier v. Potter*, 71 F. App'x 802, 804 (10th Cir. 2003) (unpublished) (citing *Hernandez v. Conriv Realty Assoc.*, 182 F.3d 121, 123–24 (2d Cir. 1999)).

Rule 12(b)(1) authorizes a party to move to dismiss a case for "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1). "Rule 12(b)(1) motions generally take one of two forms." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). "First, a moving party may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction." *Id.* "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based." *Id.* For factual attacks, "the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence." *Paper, Allied-Indus., Chem. And Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005) (citation omitted).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* "In general, litigants proceeding *pro se* are held to the same

procedural standards as those with counsel." *United States v. Distefano*, 279 F.3d 1241, 1245 (10th Cir. 2002) (citation omitted).

## III. Discussion

Defendant argues that the Court should dismiss this case for failure to comply with the statutory requirements for Federal Tort Claims Act ("FTCA") claims. Doc. 10 at 2–5. I recommend that the Court grant the motion because Plaintiff failed to comply with the statutory notice requirement and his tort claim is now time barred.

The Federal Tort Claims Act ("FTCA") "constitutes a limited waiver of the federal government's sovereign immunity from private suit." *Est. of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (citing 28 U.S.C. § 1346(b)). Under the FTCA, the United States can be held liable "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Section 2675(a) "requires that claims for damages against the government be presented to the appropriate federal agency by filing '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Est. of Trentadue ex rel. Aguilar*, 397 F.3d at 852 (citing 28 U.S.C. § 2675(a)). Notice of the claim must be provided to the appropriate federal agency "within two years after such claim accrues" or else the tort claim is "forever barred." 28 U.S.C. § 2401(b); *Franklin Sav. Corp., In re*, 385 F.3d 1279, 1287 (10th Cir. 2004). The notice requirement is jurisdictional. *Est. of Trentadue ex rel. Aguilar*, 397 F.3d at 852 (citing *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991)).

Plaintiff failed to provide the appropriate federal agency with notice of his claims.

Defendant explains that "[t]here is no record of an administrative claim by Plaintiff with USPS." Doc. 10 at 4 (citing Exhibit A, ¶ 4–6). Plaintiff conceded this point by failing to respond to the Defendant's assertion. *See Lewis v. XL Catlin*, 542 F. Supp. 3d 1159, 1168 n.6 (D.N.M. 2021) ("[F]ailure to respond to an argument raised in a motion constitutes consent to grant the motion to the extent associated with that particular argument.") (citing D.N.M.LR-Civ. 7.1(b)). As such, Plaintiff may not bring a FTCA tort claim against the Defendant for the April 18, 2022, motor vehicle accident.

Notably, Plaintiff's tort claims are time barred. The subject accident occurred on April 18, 2022. As Defendants note, "any possible claims of negligence would have arisen and accrued at that time." Doc. 10 at 5. Plaintiff failed to notify the appropriate federal agency of the claim within two years. Therefore, his tort claim is now time barred. *See* 28 U.S.C. § 2401(b); *Franklin Sav. Corp., In re*, 385 F.3d at 1287.

Defendant requests that the Court dismiss the case "with" prejudice. Doc. 10 at 6. However, the FTCA notice requirement is jurisdictional. *Est. of Trentadue ex rel. Aguilar*, 397 F.3d at 852. Therefore, the case may only be dismissed without prejudice. *See Strozier*, 71 F. App'x at 804.

Because Plaintiff failed to provide the statutorily required notice, I recommend the Court grant Defendant's Motion to Dismiss (Doc. 10) and dismiss the case without prejudice. *See* FED. R. CIV. P. 12(b)(1); *Arbaugh*, 546 U.S. at 511.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have**

**appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id*. In other words, if no objections are filed, no appellate review will be allowed.**

JENNIFER M. ROZZONI
United States Magistrate Judge